# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KOCH, | CASE NO. 1:07-cv-01698-LJO-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FAILURE TO PROSECUTE |
| v. | (Doc. 35) |
| JAMES E. TILTON, et al., | |
| Defendants. | |
| / | |

Plaintiff Rodney Koch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 26, 2007. (Doc. 1). On February 7, 2011, Defendants filed a motion for summary judgment. (Doc. 32). Plaintiff failed to file an opposition or a statement of non-opposition to the motion, in compliance with Local Rule 230(m), and on July 11, 2011, the Court ordered Plaintiff to do so within twenty days. The time allowed for Plaintiff to file an opposition has passed and Plaintiff has not filed any response to Defendants' motion for summary judgment and Plaintiff has yet to submit a timely response to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th

1   Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

2   "'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id.*
3   (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action
4   has been pending since November 2007. Plaintiff is obligated to comply with the Local Rules and
5   was informed via court order regarding the need to oppose a motion to dismiss. Despite Plaintiff's
6   duty to comply with all applicable rules and despite the previous issuance of the motion to dismiss
7   notice, the Court again prompted Plaintiff to comply by filing an opposition or a statement of non-
8   opposition. The Court's effort was met with silence from Plaintiff, and the Court cannot effectively
9   manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh
10  in favor of dismissal.

11  Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and
12  of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the
13  risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's
14  failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the
15  third factor weight in favor of dismissal.

16  As for the availability of lesser sanctions, at this stage in the proceedings there is little
17  available to the Court which would constitute a satisfactory lesser sanction while protecting the
18  Court from further unnecessary expenditure of its scare resources. Plaintiff is proceeding in forma
19  pauperis in this action, making monetary sanctions of little use, and given this stage of the
20  proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff
21  has ceased litigating his case.

22  Finally, because public policy favors disposition on the merits, this factor usually weighs
23  against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose
24  responsibility it is to move a case toward disposition on the merits but whose conduct impedes
25  progress in that direction," *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d
26  1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

27  In summary, Plaintiff filed this action but is no longer prosecuting it. More than five months
28  have passed since Defendants filed their motion for summary judgment, and Plaintiff has not

1 responded, despite being notified of the requirement to respond via the Court's Second Informational
2 Order, and the Court's order specifically directing him to respond. (Docs. 20 at ¶ 3; Doc. 35). This
3 Court cannot afford to expend resources resolving an unopposed motion for summary judgment in
4 a case the Plaintiff is no longer prosecuting. Accordingly, the Court finds that dismissal is the
5 appropriate sanction and ORDERS that this action be DISMISSED, WITH PREJUDICE, for failure
6 to prosecute.

    IT IS SO ORDERED.

**Dated:   August 5, 2011**                    /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE